UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Allison Leatherman**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-1422 |
| v. | ) | |
| | ) | |
| **Northerneastern LLC**, an Ohio limited | ) | Judge: |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Allison Leatherman, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **Northerneastern LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Allison Leatherman, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

1

Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Allison Leatherman ("Plaintiff" or "Ms. Leatherman") is a Wood County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant Northerneastern LLC owns and/or operates a bar known as "Outpost Tavern, located at 5808 Woodville Rd, Northwood, OH 43619 in Wood County.

6. Plaintiff has patronized Defendant's property previously as a place of public accommodation, and she has experienced the barriers to access complained of herein.

7. The facility owned or operated by the Defendant Northerneastern LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's bar is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Ms. Leatherman has a spinal cord injury as a result of a vehicle accident and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with her hands also as a

result of her disability. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9.  Ms. Leatherman is a Wood County, Ohio resident and frequents the parks, restaurants, shopping centers, businesses and establishments of Northwest Ohio, including the Defendant's property that form the subject of this complaint.

10.  On May 2, 2024 and on many prior occasions, Plaintiff has patronized the Defendant's property and place of business. Her recurring past patronage is evidence she plans to return to the property to avail herself of the goods and services offered to the public at the Outpost Tavern.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered her safety and protected access to Defendant's place of public accommodation.

11.  As a result of her extensive prior patronage of the Outpost Tavern location, Ms. Leathernman was aware the women's restroom facility could not accommodate her wheelchair due to certain barriers to handicap access.  Specifically detailed below in Paragraph 15.  As a result, at all times relevant each occasion Ms. Leatherman has been a customer at this tavern her only recourse for restroom has been to empty her drainage bag outside the facility in the parking lot.

12.  Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of

3

business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the bar and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the bar, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes & Parking

A. Designated accessible parking spaces are not located on a firm and stable and slip resistant ground surface due to the presence of gravel, in violation of the ADA and section 502.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. Designated accessible parking spaces entirely lack striped adjacent access aisles, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. There are no designated van accessible parking spaces, in violation of the ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is

4

strictly required or, at minimum, readily achievable.

D.  There is no accessible route from the designated accessible parking to the entrance, in violation of the ADA and section 206.2.1 of the 2010 Standards and 1991 ADAAG section 4.1.2 whose remedy is strictly required or, at minimum, readily achievable.

E.  The door threshold at the entrance exceeds 3/4 inch in violation of the ADA and section 404.2.5 of the 2010 Standards and 1991 ADAAG section 4.13.8, whose remedy is strictly required or, at minimum, readily achievable.

**Men and Women's Restrooms**

F.  Restroom doors are narrow and do not meet required width, in violation of the ADA and section 404.2.3 of the 2010 Standards and 1991 ADAAG section 4.13.5, whose remedy is strictly required or, at minimum, readily achievable.

G.  Restroom door hardware requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

H.  The pedestal lavatory does not provide required knee and toe clearance for wheelchair users, in violation of the ADA and section 306 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

I.  The restroom does not provide required clear floor space around the water closet for wheelchair users, in violation of the ADA and section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

J.  The water closet entirely lacks both a rear and side grab bar, in violation of the ADA and

5

section 604.5 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

K.  The toilet paper dispenser is not mounted in the required location, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.6 whose remedy is strictly required or, at minimum, readily achievable.

L.  The paper towel dispenser is located above allowable reach range, in violation of the ADA and section 308.2 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

M.  Upon information and belief, the men's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is readily achievable. A survey of the restroom is required.

Policies and Procedures

N.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

O.  The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Allison Leatherman.

16.  The discriminatory violations described in Paragraph 15 by Defendant Northerneastern LLC are not an exclusive list of the Defendant's ADA violations. In order to remedy this discriminatory situation, Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the

6

discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The bar at issue, as owned and operated by Northerneastern LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the

7

physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21.  Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 *et seq*.

22.  Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.  Northerneastern LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24.  Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendant has failed to undertake the barrier removal necessary to provide Ms. Leatherman, and others with mobility impairments, accessible parking and accessible or even usable restroom facilities.

25.  The Plaintiff notified the Defendant of her concerns in person and by email.  The Defendant has responded to the email and denied the existence of aforementioned barriers to handicap access.

26.  The Defendant's acts are willful, severe and ongoing.

27.  Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages

as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
obdjr@owendunnlaw.com

9